# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LLOYD T. SCHNEIDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 12-2235-JAR |
| | ) |
| **CLAAS OF AMERICA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend the scheduling order. (Doc. 38). Specifically, plaintiff requests that the court (1) amend the scheduling order and extend all pretrial deadlines by 90 days and (2) grant plaintiff leave "to file certain pleadings and designations out of time." Unfortunately, the motion is tainted by plaintiff counsel's misrepresentations, dishonesty, and lack of candor.

### Background

This is an action to recover damages to a farm implement that caught fire in September 2010. Highly summarized, CLAAS of America, Inc. ("COA") markets and distributes a line of equipment used to harvest livestock forage in the United States and

Canada.¹ Plaintiff owned a 2009 CLAAS Jaguar 900 series "chopper" and was using it to harvest corn when a fire started near the lower front area of the machine. Plaintiff alleges that the fire was caused by an overheated shock absorber and that defendant is liable for his damages under various product liability theories. Defendant denies there was any problem with the chopper or the shock absorber that would cause a fire.

A scheduling order was entered on July 25, 2012 after review of the parties' planning report and a telephone conference with counsel. (Doc. 12). Consistent with the parties' suggestions in the planning report, the court established an October 1, 2012 deadline for plaintiff's Fed. R. Civ. P. 26(a)(2) expert witness disclosures and a November 1, 2012 deadline for defendant's expert witness disclosures. (Doc. 12, p. 5). For reasons discussed in greater detail in this opinion, plaintiff did not identify any retained expert witnesses or produce any Rule 26(a)(2)(B) written expert reports by the **October 1** deadline. Plaintiff did, however, supplement his Rule 26(a)(1)(A) initial disclosures on *October 2* and advised defendant that fire investigator Don Birmingham and engineer Jim Martin were "consulting experts who are ***not expected to testify.***" (Emphasis added, Doc. 40-1, p. 3).

Defendant timely produced its expert witness report and moved for summary judgment on *November 1, 2012.* Defendant argued, in part, that summary judgment was appropriate because plaintiff had no expert witness to support his contention that the fire was caused by the chopper's shock absorber. On *November 19, 2012,* shortly before his deadline

---

¹
"CLAAS" is a German company with a long history of manufacturing agricultural equipment for use in Europe. It is not clear whether the "chopper" at issue in this lawsuit was manufactured by CLAAS of America or merely imported for distribution.

-2-

for responding to the summary judgment motion, plaintiff moved to amend the scheduling order and for leave to produce his expert witness disclosures out of time. To say the least, the circumstances concerning plaintiff's request to amend the scheduling order are extraordinary and require a detailed explanation.

**Plaintiff's Motion and Opening Arguments (Docs. 38)**

Mark Ferguson, plaintiff's counsel, asserted in his motion and initial brief that "good cause" existed for amending the scheduling order because: (1) additional discovery was needed in the case, (2) defendant had canceled a scheduled mediation "without explanation," and (3) plaintiff's expert, Jim Martin, had suffered a "catastrophic life threatening medical emergency ... approximately ten weeks ago." (Doc. 38). He also represented that plaintiff's "origin and cause expert, Anderson Investigations," had been disclosed in plaintiff's initial and supplemental Rule 26(a) disclosures and that a copy of the expert's report had been provided to defense counsel on July 20, 2012. In related arguments that were less than clear, Ferguson explained that the expert disclosure deadline created a dilemma for counsel and that, for *strategic reasons*, he "waited to see what developed related to Mr. Martin's medical condition." (Doc. 38, pp. 3-4).[2] Ferguson conceded that defendant's summary judgment motion forced him to disclose Mr. Martin's medical condition and "seek a replacement expert." (Doc. 38, p.4). Ferguson requested that plaintiff's written expert disclosures and

---

[2] Ferguson stated that "counsel did not want to disclose certain trial and litigation strategies involved in the prosecution of the case, unless and until absolutely necessary." (Doc. 38, p. 3).

- 3 -

all other pretrial deadlines be extended 90 days.

**Defendant's Response
and
the November 27, 2012 Court Conference**

Defendant promptly responded to plaintiff's motion on November 26, 2012 and challenged several of Mr. Ferguson's factual representations and arguments. For example, defendant attached an exhibit showing that Ferguson's Rule 26(a)(1) initial disclosures contained no mention of Anderson Investigations, Don Birmingham, or Jim Martin. (Doc. 40-1). More importantly, defendant stated unequivocally that no report from Anderson Investigations had *ever* been produced, contrary to Ferguson's representation. Defendant also attached a copy of plaintiff's October 2, 2012 "supplemental" Rule 26(a)(1) disclosures in which Ferguson stated "Don Birmingham of Anderson Investigations, LLC and expert Jim Martin of Martin Engineering are ***consulting experts who are not expected to testify.***" (Doc. 40, p. 2 and Doc. 40-1, emphasis added). With respect to the canceled mediation, defense counsel submitted an affidavit explaining that Ferguson, in the presence of his client, advised defendant that plaintiff placed a high value on this case and that defendant should not waste plaintiff's time attending mediation if defendant did not have a similar view concerning his value of the case.[3] Taking Ferguson at his word, defendant canceled the mediation.

---

[3] This conference occurred immediately after defendant concluded plaintiff's deposition on October 9, 2012. According to defense counsel, Ferguson argued that Mr. and Mrs. Schneider should not be required to spend another day away from their farm to attend mediation if defendant did not agree with plaintiff's views concerning the value of the case.

-4-

The scheduling order in this case set a November 27, 2012 case management telephone status conference with the court at 11:00 am. (Doc. 12). When the court placed the call, Mr. Ferguson was initially unavailable but soon located by his staff. Later, Ferguson admitted that he had failed to calendar the conference. Court and counsel discussed (1) the reasons the mediation did not proceed, (2) a new deadline for filing a motion to compel, and (3) issues related to the motion to amend the scheduling order. Expressing significant concerns with plaintiff's motion, the court directed Mr. Ferguson to file a reply brief clarifying his facts and arguments.

**Plaintiff's Reply Brief and Ferguson's Supplemental Affidavit**

Plaintiff filed a reply brief on November 30, 2012 and attached a ten-page supplemental affidavit signed by Mr. Ferguson. Highly summarized, Ferguson admits that the reason he did not provide any expert witness reports by the October 1, 2012 deadline was because

> the deadlines from the scheduling order were not docketed on the calendar and counsel was not aware that the deadline was approaching, or had passed, until after November 1, 2012.

(Doc. 43-1, p. 2). Jim Martin's illness had nothing to do with plaintiff's failure to meet the October 1 deadline for plaintiff's expert witness disclosures. <u>Ferguson's Supplemental Affidavit</u>, Doc. 43-1, p. 2. Ferguson also suggested that a lack of proper coordination with an associate in his firm during a "transition between counsel in late September leading up to [plaintiff's] deposition in early October" contributed to the mistake  Doc. 43-1, p. 2. In

addition to the calendaring error, Ferguson asserted that he did not recognize the significance of labeling Mr. Martin and Mr. Birmingham as "consulting" experts and that *it was always his intent* to "engage an additional expert *to supplement the testimony* of Don Birmingham and Jim Martin." (Doc. 43-1, p. 6, emphasis added).

Defendant requested and was granted leave to file a surreply concerning Mr. Ferguson's new explanation and arguments. In addition to pointing out the obvious discrepancies between Ferguson's original and more recent representations, defendant challenged Ferguson's new assertion that the expert witness deadline was missed because of coordination problems with an associate in Ferguson's firm. Defendant alleged that Ferguson had been primary counsel for plaintiff from the beginning of the case and communicated extensively with defense counsel, starting with the initial inspection of the equipment, during discovery and multiple discussions regarding settlement or mediation.

**Analysis**

The parties agree on the legal standards for evaluating plaintiff's request to produce his expert reports out of time. Fed. R. Civ. P. 6(b)(1) provides that:

> [w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> * * *
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"Excusable neglect" is a somewhat elastic concept and the court considers four factors in

determining whether a party has shown excusable neglect: (1) the potential prejudice to the opponent; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). The "fault" or reason for the delay is perhaps the most important single factor. Chanute, 31 F.3d at 1046.

The potential prejudice to defendant in this case is significant because defendant timely complied with the discovery deadlines in the case and then moved for summary judgment. Only after review of defendant's factual allegations and legal defenses did plaintiff seek leave to provide an expert witness report to avoid summary judgment. It is inherently unfair for plaintiff to ignore his discovery obligations in the case and then secure a "do-over" after seeing defendant's summary judgment motion. Defendant expended considerable resources in complying with its discovery obligations and moving for summary judgment. Allowing plaintiff to belatedly produce expert witness reports at this late date in the case is highly prejudicial to defendant in terms of time, money, and resources. The potential and actual prejudice to defendant weighs against a finding of excusable neglect.

The length of the delay and its potential impact on judicial proceedings also weigh against a finding of excusable neglect. Plaintiff's expert witness disclosures and reports were due October 1, 2012 and Ferguson waited until November 19, 2012 before moving to amend

the schedule "for strategic reasons."[4] The delay also has disrupted the judicial proceedings because plaintiff has not responded to the summary judgment motion and the final pretrial conference has been deferred pending resolution of this motion. Ferguson's failure to prepare his case in a timely manner and lack of honesty have derailed an otherwise unremarkable product damage case from a just, speedy, and inexpensive determination. Fed. R. Civ. P. 1.

The third factor, the reason for missing the deadline, generally does not support a finding of excusable neglect in this instance. First, the creation and maintenance of an office calendar containing litigation deadlines is uniquely "within the control of movant." Chanute, 31 F.3d at 1046. Equally important, the alleged "calendar" error in this instance was not an isolated clerical mistake concerning one missed deadline by a few days. Based on Ferguson's own statements, *none* of deadlines in the scheduling order were calendared and a Rule 26(a)(2)(B) written expert witness report was neither requested nor prepared for plaintiff in this case.

The fourth consideration, "whether the movant acted in good faith," decidedly weighs against plaintiff. As noted above, the evidence is clear and unequivocal that Ferguson lied to the court in his initial motion and brief when he represented that the failure to meet the October 1 deadline was caused by Jim Martin's illness. Ferguson also misrepresented to the court that the investigative report from Anderson Investigations, LLC (authored by Don

---

[4] Notwithstanding the October 1 deadline and the November 19 motion, plaintiff still has no written expert report and requests an additional 90 days to secure such a report.

Birmingham) had been disclosed to defendant. Moreover, Ferguson's representation to the court that the parties' scheduled mediation was canceled without explanation by the defendant at best reflects a lack of candor because Ferguson suggested to defense counsel that the mediation not proceed unless certain conditions occurred.[5]

Mr. Ferguson's November 30 reply brief and supporting affidavit candidly acknowledge his lies concerning Jim Martin and the misrepresentation concerning the production of the Anderson Investigations' report. Unfortunately, Ferguson's reply and affidavit raise additional concerns and problems. For example, Ferguson asserts in his November 30 affidavit that he did "not recognize the significance" of labeling Mr. Martin and Mr. Birmingham as "consulting experts" and was "not trying to mislead anyone." (Doc. 43-1). Mr. Ferguson has regularly appeared in civil cases in the United States District Court for the District of Kansas for over twenty years and the assertion that he did not recognize the significance of claiming that someone was a non-testifying consulting expert is not

---

[5] Defense counsel advised the court during the November 27 status conference of numerous attempts to communicate with Mr. Ferguson about canceling the mediation. Defendant ultimately left messages concerning the cancelled mediation with members of Ferguson's firm. If true, Ferguson's representation that defendant canceled the mediation without explanation would be yet another example of dishonesty.

credible.[6]

Mr. Ferguson did not simply label Mr. Martin and Mr. Birmingham as "consulting experts." Instead, Ferguson stated in his October 2 supplemental disclosure that they were "consulting experts who are *not expected to testify.*" (Doc. 40-1, p. 9). Notwithstanding this October 2 representation, Mr. Ferguson asserts in his November 30 affidavit that "it has *always* been plaintiff's intent to engage an additional expert *to supplement the testimony of Don Birmingham and Jim Martin.*" (Doc. 43-1, p. 6). The statements in the October 2 supplemental disclosure and the November 30 affidavit concerning Don Birmingham and Jim Martin's "testimony" cannot be reconciled. Mr. Ferguson signed both documents.

A second problem with Mr. Ferguson's November 30 affidavit relates to his "strategic" reasons for delaying any disclosure of Jim Martin's illness. Originally, Ferguson stated that he "did not want to disclose certain trial and litigation strategies *involved in the prosecution of the case*, unless and until absolutely necessary." (Doc. 38, p. 3, emphasis added). However, Mr. Ferguson explains that the reason for not disclosing Mr. Martin's illness earlier in this case was because Mr. Martin is an expert in several other cases and Ferguson's concern that "such detailed disclosure in the public record might jeopardize the

---

[6]

Review of the court's electronic case filing system reveals that Mr. Ferguson has appeared in over 75 cases in this district from 1991 to the present. Under Fed. R. Civ. P. 26(b)(4)(D), absent exceptional circumstances, an opposing party may not discover facts known or opinions held by a retained expert who is not expected to be called as a witness at trial. On the other hand, a retained expert who is expected to testify must provide a written report containing all facts the expert will express at trial and the facts considered in formulating the opinions. Fed. R .Civ. P. 26(a)(2)(B). The discovery rules concerning "consulting" experts versus "testifying retained experts" are well established.

-10-

viability of *pending cases and claims* that Mr. Martin was involved with as an expert on behalf *of other plaintiffs.*" (Doc. 43-1, p. 7, emphasis added). The November 30 affidavit establishes by clear and unequivocal evidence that Ferguson lied in his original motion when he said he delayed disclosure for strategic reasons *in this case.*[7]

Under the circumstances, plaintiff has not shown good cause for amending the scheduling order or excusable neglect for failing to comply with the discovery deadlines. Ferguson asks that the court not penalize his client in this case and grant the motion.[8] However, clients "are usually bound by their lawyer's actions or, as here, inactions." Smith v. McCord, ____ F.3d _____, 2013 WL 601698 (10th Cir., January 29, 2013). Mr. Ferguson continues as counsel of record for the plaintiff and proceeds as if defendant has suffered no expense or prejudice. Because Ferguson continues to represent plaintiff, plaintiff is bound by Ferguson's actions and inactions.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend the scheduling order **(Doc. 38)** is **DENIED.** A copy of this opinion will be forwarded to the Office of the Disciplinary Administrator for the State of Kansas. Mr. Ferguson shall provide a copy of this opinion to his client by **March 19, 2013.**

---

[7] It appears that Mr. Ferguson engaged in conduct adverse to his client in this case for the benefit of clients in other cases. There is no indication in his affidavit that Mr. Ferguson is aware of this ethical problem.

[8] Ferguson explains that "while this is a subrogation claim, Lloyd Schneider has a substantial uninsured loss." (Doc. 43-1).

-11-

Dated at Wichita, Kansas this 12th day of March 2013.

          S/Karen M. Humphreys
          KAREN M. HUMPHREYS
          United States Magistrate Judge