**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LLOYD T. SCHNEIDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 12-2235-JAR |
| ) | |
| **CLAAS OF AMERICA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to compel. (Doc. 48). Specifically, plaintiff seeks production of documents related to any failure of shock absorbers on defendant's Model 494 Forage Harvester.[1] Defendant opposes the motion, arguing that plaintiff's claim is for fire damage to his Model 492 Forage Harvester and that the information requested is not relevant because the Model 494 and 492 have different features and "are not substantially similar." Plaintiff counters that the requested information is relevant because the 492 Forager shock absorber (part number 998 020.x) that is alleged to have caused the fire was also used for a period of time on the 494 model.

Evidence that there was a problem with excessive heat from the shock absorber on the Model 494 is relevant, in the liberal context of discovery, to plaintiff's claim that the same

---

[1] The nature of plaintiff's lawsuit is described in an earlier opinion and will not be repeated. See Memorandum and Order, Doc. 59.

shock absorber caused excessive heat and a fire on his machine.[2]  However, plaintiff's request for *any* failure concerning the shock absorber on the Model 494 is overly broad.  The issue in this case is excessive heat and the cause of a fire; accordingly, production shall be limited to documents related to excessive heat and/or fire associated with the shock absorber (part number 998 020.x) on defendant's Model 494 Forage Harvester.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 48)** is **GRANTED IN PART.**  Defendant shall produce the documents described in this opinion by April 2, 2013.

Dated at Wichita, Kansas this 18th day of March 2013.

> S/ Karen M. Humphreys
> KAREN M. HUMPHREYS
> United States Magistrate Judge

---

[2]  Defendant argues that the Model 494 has greater horsepower and its "feed roll" opens 28% wider than the Model 492.  Because of the increase in crop material moving through the machine, Defendant asserts that vibration is greater on the Model 494.

Defendant's argument that the 494 and 492 models are "not substantially similar" raises engineering matters that cannot be resolved without expert testimony.  The court's discovery ruling is without prejudice to a subsequent motion in limine concerning the admissibility of documents concerning Model 494.